UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JEFFREY JOHN CHIVERS,**

    **Plaintiff,**

**V.**　　　　　　　　　　　　　　　　　　Case No:  2:12-CV-61-FtM-29SPC

**WILLIAM WISE, RUSSELL PARK,
GARY DELEANDRO, FRANCES
RENE FRIZZELL, JANE DOES 1-2,
DESOTO COUNTY BOARD OF
COMMISSIONERS and VERNON L.
KEEN,**

    **Defendants.**

_____/

# ORDER

This matter comes before the Court on the Plaintiff, Jeffrey John Chivers' Motion for Leave to perfect Service of Process by Substitute Service in Accordance with Florida Statute § 48.161 (Doc. #19) filed on July 13, 2012.

In certain circumstances substitute service of process may be effectuated upon a nonresident or a party who conceals his or her whereabouts. EHR Aviation, Inc. v. Lawson, 2011 WL 46119 *1 (M.D. Fla. January 6, 2011).  Florida Statute § 48.161(1) states in relevant part:

> When authorized by law, substituted service of process on a nonresident ... shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant if

> found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service shall be filed on or before the return of the process or within such time as the court allows. The fee paid by the plaintiff to the public officer shall be taxed as costs if he or she prevails in the action. The public officer shall keep a record of all process served on him or her showing the day and hour of service.

"The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." Hughes v. American Tripoli, Inc., WL 2071529 *1-2 (M.D. Fla. 2007) (citing Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Ft. Lauderdale, 325 So.2d 58, 61 (Fla. 4th DCA 1976) (citations omitted). Unless plaintiff strictly complies with Fla. Stat. § 48.161, the Court does not have jurisdiction. Hughes, WL 2071529 at* 2.

The Plaintiff moves the Court to allow service of process to be effected upon the Defendants Gary Deleandro and Russell Park. As grounds, the Plaintiff states that he was unable to serve the Defendants within the 120 days allowed under Federal Rules. The Plaintiff requested and received an additional thirty (30) days with which to seek out and serve the Defendants Deleandro and Park but was unable to locate the Defendants.

The Plaintiff states that he is requesting forwarding information for the Defendants from their former employers at the Desoto County Sheriff's Office (DCSO), but were informed that the DCSO did not know the Defendant's new addresses. The Plaintiff also engaged S&C Process Servers to find the Defendants and effectuate service upon the Defendants Deleandro and Park. According to the Plaintiff, S & C also does bail bond work and are experienced in finding individuals that are skipping on bonds or otherwise do not wish to be found. On July 13,

2012, the Plaintiff filed certificates of unexecuted service (Docs. # 17 and18) by S & C stating that the Defendants could not be located.

Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions for substituted service. City Of Jacksonville v. Arrigato, Inc., WL 3069135, *1 (M.D. Fla. August 4 ,2010) (citing George Fisher, Ltd. v. Plastiline, Inc., 379 So.2d 697, 699 (S.D. Fla.1980)). Section 48.181 sets forth the jurisdictional requirements for substituted service of process. Arrigato, WL 3069135 at *1. These requirements are "the defendant conducts business in Florida and is either a (1) nonresident, (2) resident of Florida who subsequently became a nonresident, or (3) resident of Florida concealing his or her whereabouts." Id. (citing Cantley v. Ducharme, No. 09–cv–23424, 2010 WL 2382912 *1 (S.D. Fla. June 14, 2010); see also Fla. Stats. § 48.181. Florida Statute § 48.161 sets forth the method that must be followed for use of substituted service on nonresidents. Section 48.161 requires substituted service be evidenced by: (1) registered or certified mailing to the nonresident of (a) a notice of such substituted service and (b) a copy of the process, which must be evidenced by (c) the filing of the nonresident's return receipt and (d) an affidavit of compliance by plaintiff or his or her attorney; or (2) an appropriate officer's return showing service on the nonresident within or without the state of Florida. Fla. Stats. § 48.161; Conde v. Prof'l Mediquip of Fla., Inc., 436 So.2d 322, 323 (Fla. 4th DCA 1983) (citing P.S.R. Associates v. Artcraft–Heath, 364 So.2d 855, 857–58 (Fla. 2nd DCA 1978)). Section 48.161 further requires the public officer authorized to receive substituted service, in this case the Secretary of State, to keep a record of all process served on him or her, showing the hour and day of service. Fla. Stats. § 48.181; Conde, 436 So.2d at 323.

After a review of the Plaintiff's Motion, the Court finds that he did not meet his burden for alternative service on the Secretary of State for the State of Florida. The Plaintiff has not provided any evidence that the Defendants are avoiding service—a requirement of the statute—but has only stated that he cannot locate them to serve them. The Plaintiff at this time is not incarcerated and is represented by counsel and has the ability to hire a private investigator to locate the Defendants if necessary. The Plaintiff has failed to provide the Court with any evidence that the DCSO office has refused a formal request for the Defendant's forwarding addresses. In fact, the only evidence the Plaintiff has presented to the Court is that he hired a process server who was unable to locate the Defendants. Further, the Plaintiff does not argue that any attempts have been made to mail notice of the substituted service and process, either certified or registered, to the Defendants. The Plaintiff has failed to meet his burden and the Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Jeffrey John Chivers' Motion for Leave to perfect Service of Process by Substitute Service in Accordance with Florida Statute S 48.161 (Doc. #19) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of July, 2012.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record