# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JEFFREY JOHN CHIVERS,

    Plaintiff,

-vs-                                          Case No.:  2:12-CV-61-FtM-29SPC

VERNON L. KEEN, DESOTO COUNTY
SHERIFF, as Sheriff of DeSoto County, in his
individual and official capacity, and
RUSSELL PARK, DESOTO COUNTY
DEPUTY, in his individual capacity, and
GARY DELANDRO, DESOTO COUNTY
DEPUTY, in his individual capacity, and
FRANCES RENE FRIZZELL, an individual,
and JANE DOES NUMBERS 1 AND 2,
individuals, and, DESOTO COUNTY BOARD
OF COMMISSIONERS, a Florida state agency
or subdivision,

    Defendants.
_____/

## **ORDER**

       This matter comes before the Court on Plaintiff, Jeffrey John Chivers' Motion for Clerk's Entry of Default against Defendant, Frances Rene Frizzell (Doc. # 32) filed on September 7, 2012. Under the Federal Rules, default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

       As grounds for the Clerk's Default, the Plaintiff states that Defendant, Frances Rene Frizzell was served with the Summons and Complaint on August 12, 2012 and to date no response addressing the Complaint has been filed.

In order to obtain a Clerk's Default, the Plaintiff must show that the service of process was effectual upon the Defendant. See Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (holding that default cannot be entered if service of process was insufficient); Maryland State Fireman's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (holding that it is axiomatic that process must be properly served before default may be entered); Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 685 (N.D. Iowa 1995) (holding that proper service is a precondition to entry of default). In this case, the Plaintiff filed a copy of the Return of Service for each Defendant. (Docs. # 26, 31).

According to the Federal Rules, service upon an individual is made pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon a defendant in an action brought in the courts of general jurisdiction of the State. See Fed. R. Civ. P. 4(e). Federal Rule 4 reads in pertinent part:

> [u]nless Federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Florida law, service upon an individual must be effected "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading." City of Sweetwater Fla. v. St. Germain, 943 So. 2d 259, 262 (Fla. 3d Dist. Ct. App. 2006) (citing

Fla. Stat. § 48.031(1)(a)); Fla. R. Civ. P. 1.070.  Florida law allows service on an individual "by delivering a copy of [the summons and complaint] to the person to be served . . . or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Baca v. Zee Auto Ctr., Inc., 2007 WL 2298076, at *1 (M.D. Fla. Aug. 7, 2007) (quoting Fla. Stat. § 48.031(1)).

The Defendant, Frances Rene Frizzell was personally served by being delivered a copy of the summons and complaint on August 12, 2012.  Therefore service upon Frances Rene Frizzell complied with the Federal Rules and Florida law, and the Motion for a Clerk's Default as to Frances Rene Frizzell is due to be granted.  Pursuant to the Federal Rules, the Defendant had twenty-one (21) days or up to and including September 2, 2012 to file a Rule 12 motion or responsive pleading to the Complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i).  To date no answer or response has been filed by Defendant Frances Rene Frizzell.  Thus, good cause exists for the Court to grant the Motion for Clerk's Default against Defendant, Frances Rene Frizzell.

Accordingly, it is now

**ORDERED:**

Plaintiff, Jeffrey John Chivers' Motion for Clerk's Entry of Default Against Defendant Francis Rene Frizzell (Doc. # 32) is **GRANTED.** The Clerk of the Court is hereby directed to enter a Clerk's Default against Defendant, Frances Rene Frizzell.

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of September, 2012.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  Counsel of Record